Wm. G. LEACH, Trustee, of Carroll Co., v. WILSON ENOCHS, County Judge.

Western Section. February 5, 1926.

Ne petition for Certiorari was filed.

1. **Statutes. Fee statute is construed strictly against officers seeking relief thereunder.**

In an action by an officer seeking to recover compensation paid for deputies where the officer did not comply with the law with respect to keeping an itemized account of all fees received and did not furnish an itemized amount at the trial, held that the statute should be strictly construed and unless the officer has complied with the statute in making the required reports, he cannot recover thereunder.

2. **Fees. Officer must make reports required by statute to recover fees.**

In an action by an officer seeking to recover compensation paid for deputies where the record showed that he had not complied with the statute in making reports of the fees received by him, held that the officer could not recover such compensation paid by him.

Appeal from Chancery Court, Carroll County; Hon. Thos. C. Rye, Chancellor.

Affirmed.

Maddox and Maddox, of Huntingdon, for appellant.

Peeler and Evans, of Huntingdon, for appellee.

OWEN, J. William G. Leach, Trustee of Carroll county, filed the bill in this cause November 14, 1922, against Wilson Enoch, County Judge of said county, which bill asked that the complainant be allowed to appoint a deputy in his office as county trustee and to be allowed compensation therefor in the sum of $75 per month. The bill was filed by virtue of chapter 101 of the Acts of 1921, known as the ''Fee Bill,'' or a bill fixing the salaries of certain county officials in the State of Tennessee. It was charged in the bill that for the years 1922, 1923 and 1924, the office of county trustee of Carroll county would pay more than $5,000 in fees. The bill set out the amount of taxes that the complainant would be required to collect for the State and county, the assessment or valuation of Carroll county, and there were a number of special school districts in said county and a great number of special drainage districts in said county, and that he had to collect special taxes for these special school districts and special drainage districts. He prayed that he be allowed the relief sought, to-wit: Seventy-five dollars per month for the salary of a deputy. The defendant filed an answer to said bill on the 18th day of November, 1922, admitting the duty of the

complainant and admitting that the complainant would have to have a deputy to assist him in performing the duties of his office, but denied that it was necessary to have a deputy throughout the year, and denied that he should be allowed $75 per month as compensation.

The fee, or salary, bill for county officials took effect September 1, 1922. The complainant served as trustee from September, 1922, to the first of June, 1924, when he was appointed Postmaster of Huntington, and resigned as trustee. It appears that no steps were taken in the cause until the 10th of November, 1925, when it was heard before the Hon. Tom C. Rye, Chancellor, upon the bill, answer and oral testimony, and the Chancellor was of the opinion that the complainant was not entitled to the relief sought, and his bill was dismissed. The complainant moved for a new trial, which was overruled, and he prayed and was granted an appeal to this court, perfected the same, and has assigned errors, four in number, but the four errors raise but one question; that is, the Chancellor was in error in dismissing complainant's bill and in taxing him with the costs. It is insisted that the Chancellor should have granted complainant relief, and should have sustained the bill. There was no finding of facts by the Chancellor. There was no request for any finding of facts.

Briefly stated, Mr. Leach was the trustee of Carroll county for two years prior to the fee bill, becoming a law, and served a year and nine months after the fee bill became effective.

We find as a fact that it was necessary for the complainant to have one or more deputies; his predecessor in office had had one or more deputies, and his successor in office has had to have one or more deputies. The complainant did not fix the definite amount of fees that he received. We find that he testified that the fees of the office of Trustee from September, 1922, to September, 1923, amounted to about $5,600, and from September 1, 1923 to June 1, 1924, the fees amounted to about $5,500 or $5,600.

The complainant testified that he did not make a formal report under oath to the county judge, but that he submitted his books and records to the county judge and they were checked over each month. The defendant Enoch, the county judge, testified that the complainant had not filed monthly reports and that he had not at any time filed with him as county judge, or made any report of the fees of his office or the amount collected by him, and had made no report at all except the annual report required of trustees.

It is stated in the brief of both appellant and appellee that the chancellor dismissed the bill because the complainant had not complied with the law. It appears that the county officials of Carroll county come within the third class of officers, as provided in section

3 of chapter 101 of the Acts of 1921, and the trustee is allowed a salary of $5,000 per year.

Section 5 of said Act provides that: "Each and every one of the said officers enumerated in section 1 of this Act (which would include complainant), shall keep a complete account of every fee of every nature, commission or charge collected by him, except pay for special services as trustee or receiver, and he shall file an itemized statement monthly thereof under oath with the chairman or judge of the county court of his county who shall preserve same as a part of the records of his office, and he shall make a remittance to the office of the county trustee of his county twice per year, on September first and April first, for all of said fees, commissions and charges in excess of his salary, together with the salaries of his deputies and assistants, and the expenses of the office as herein provided; and such salary of the official, the salaries of his deputies and assistants and the office expenses must be shown and itemized in the statement filed in the office of the county judge or chairman."

Section 7 provides how deputies and assistants may be appointed. A petition is to be filed, as in the instant case, the county judge or chairman shall file his answer to said petition within five days from the date of service of the petition upon him, either admitting the allegations in the petition, or denying same, or making such answer as he deems advisable under the circumstances. Whereupon the court shall at once in term time or at chambers have such a hearing of the application on the petition and answer thereto, as will develop the facts, and the court may hear proof either for or against the petition. The court may allow or disallow the application, either in whole or in part, as the facts may justify, and may allow the whole number of deputies or assistants applied for, or a less number, and may allow the salary set out in the application, or smaller salaries, as the facts may justify.

In the instant case no steps were taken to have the court allow for the services of a deputy after the cause was at issue for about three years, the petition being filed and issue joined on it in November, 1922, and the cause not being heard until November, 1925, and nearly a year and a half after complainant went out of office. The complainant did not comply with the law with respect to keeping an itemized amount of all fees received; he did not furnish an itemized amount at the trial, and did not furnish a definite amount. He simply stated that the fees were about $5500 or $5600 per year.

We are of opinion that the fee statute should be strictly construed against the officer seeking relief and that he is not entitled to compensation for deputies, unless he complies with the statute; and the facts showing in the instant case that complainant did not comply

with the statute, did not make his reports under oath and file the same as prescribed by statute his petition was properly dismissed.

All of the assignments of error are overruled and disallowed, and the judgment of the lower court is affirmed, and the complainant and sureties on appeal bond will pay the costs of the cause, including cost of appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.